IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| v. | ) | Criminal Action No. 21-256 |
| | ) | |
| TYRIEKE HAMMONDS, | ) | Judge Cathy Bissoon |
| | ) | |
| Defendant. | ) | |

## ORDER ON MOTIONS IN LIMINE

The government's Motion in limine (Doc. 217) seeks to exclude evidence or arguments regarding: the possible penalties upon Defendant's conviction; the impact of a conviction on Defendant's future; the fact that the charged-offense is a felony offense; any claim that marijuana is not addictive, and has been approved for recreational use in states other than Pennsylvania; claims of racial animus against law enforcement officers; the age and family circumstances of Defendant; and claims that 18 U.S.C. § 922(g)(3), or any of the actions of law enforcement, are/were unconstitutional. *Id.* The government's Motion represented, at the time of filing, that Defendant's counsel had stated no objections; and, since, Defendant has not filed an opposition. Accordingly, the government's Motion (**Doc. 217**) is **GRANTED**.

Defendant's Motion in Limine (Doc. 218) seeks to preclude, among other things, Defendant's firearms purchase forms; his possession of approximately $10,000.00 in cash at the time of his arrest; and the presence of quantities of fentanyl in Defendant's vehicle when he was arrested, along with three other individuals, with loaded firearms. The government intended to introduce such evidence to establish that Defendant knowingly possessed, and had reason to possess, a firearm. In reply, Defendant indicates that he stipulates to his possession of a firearm. *See* Doc. 224. With this stipulation, the proposed evidence would be cumulative,

and the probative value (if any) would be outweighed by unfair prejudice.  Holding Defendant to the aforementioned stipulation, his Motion in limine (**Doc. 218**) is **GRANTED**, to the extent described above.

Defendant also seeks to preclude evidence that, at the time of his arrest, he was in possession of four oxycodone pills.  The government presumes that Defendant's possession was lawful, but proposes that the evidence is admissible to show that Defendant knew the difference between lawfully possessing a prescribed controlled substance (oxycodone) and unlawfully possessing another one (marijuana).  The government's relevancy argument is a "stretch," given that ignorance of the law is no defense.  Assuming the evidence has probative value, it would be outweighed by the risk of misleading the jury or causing confusion. Thus, Defendant's Motion (**Doc. 218**) is **GRANTED** in this regard.

Finally, Defendant seeks to preclude the introduction of still shots from videos, and pictures, depicting him smoking marijuana in a period shortly before his arrest. Materially identical evidence, and arguments for exclusion, were addressed in U.S. v. Banks, 43 F.4th 912 (8th Cir. 2022), and the Circuit Court affirmed the trial court's admission of the evidence.  *See id.* at 917-18.  This Court agrees with the reasoning in Banks, and Defendant's Motion (**Doc. 218**) is **DENIED**.  The denial is without prejudice to objections at trial regarding authentication, although the Banks decision's reasoning proves informative on those points as well.  *See id.*

    IT IS SO ORDERED.

April 11, 2023                                                   s\Cathy Bissoon
                                                               Cathy Bissoon
                                                               United States District Judge

cc (via ECF email notification):
All Counsel of Record